The order by Deputy Commissioner Glenn has been reviewed in detail by the undersigned. The order awarded an attorney's fee of $8,962.00, which represented 27.16% of the overall settlement of $33,000.00, to which the parties came to agreement. Plaintiff's counsel did have a contingent fee contract agreement which would have provided for an attorney's fee of one third of the settlement, or $11,000.00, to be awarded.
The undersigned find and conclude that the amount of $8,962.00 was not arbitrary and was more than reasonable in the case at hand. On the contrary, an award of one-third would, in fact, be unreasonable is the case at hand.
Pursuant to N.C. Gen. Stat. § 97-90(c), the undersigned will detail their reasons for the finding that a one-third attorney's in unreasonable in this case.
The customary and usual fee awarded to attorneys who practice before the Industrial Commission at the deputy commissioner level is one-fourth of the amount awarded to plaintiff, unless it is seen that the attorney expended extra time or effort in preparation of the case which warrants a higher attorney's fee award. No such convincing evidence exists in plaintiff counsel's time records in this case.
Deputy Commissioner Glenn awarded slightly above the customary twenty-five percent, which reflects the work done and hours expended by plaintiff's counsel. However, it is further noted that no evidentiary hearing ever took place in this case, from which an attorney only would have been awarded the customarily warranted twenty-five percent award. Accordingly, the attorney's fee awarded is adequate and reasonable for services rendered. A one-third fee would also be unreasonable due to the above explanation.
Accordingly, the attorney's fee awarded by Deputy Commissioner Glenn STANDS AS WRITTEN.
This the ___ day of ____________, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ PAMELA T. YOUNG DEPUTY COMMISSIONER
JHB:kws